IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT GAMMON, *Plaintiff,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Defendant.* | CASE NO. 6:16–cv–00012 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant's motion to dismiss. Plaintiff Robert Gammon ("Gammon") filed this action against State Farm Mutual Automobile Insurance Company ("State Farm") for allegedly breaching a purported contract between the parties. Additionally, Gammon avers that State Farm is liable for intentional infliction of emotional distress and constructive fraud. Because Gammon has failed state a plausible claim of breach of contract and intentional infliction of emotional distress, I will grant State Farm's motion dismissing these claims. Also, because Gammon has failed to meet the pleading requirements for fraud under Rule 9(b) of the Federal Rules of Civil Procedure, I will dismiss his constructive fraud claim, but grant Gammon leave to amend the pleading deficiencies.

## I. FACTS AS ALLEGED

Defendant State Farm is a corporation in the business of selling insurance. Am. Compl. ¶ 2. As part of its operations, State Farm recruits and interviews candidates to run independent agencies that sell exclusively State Farm insurance products. Candidates are required to secure licenses and governmental approvals in order to operate these agencies. *Id.* ¶¶ 8-9.

Plaintiff Robert Gammon alleges the following in his Amended Complaint. Gammon applied to run an independent agency, and in so doing, disclosed to State Farm his criminal

background, which included a twenty-five-year-old felony marijuana conviction. State Farm assured Gammon that this felony conviction would not burden his effort to operate an agency. *Id.* ¶¶ 10-12.

On July 15, 2014, State Farm stated that, conditioned upon Gammon securing all required licenses and approvals, the parties would sign an agency contract and, in the meantime, State Farm would provide Gammon with an interim salary of $70,038.35. Once all licenses were obtained and the contract was signed, Gammon was to operate an independent agency in Lynchburg, Virginia. *Id.* ¶¶ 14-15. State Farm provided Gammon with an August 4, 2014, start date. Gammon agreed with State Farm's proposal, and thereafter quit his job of seventeen years. *Id.* ¶¶ 19, 21.

Gammon further alleges that he was required by State Farm to secure approval from the Federal Deposit Insurance Corporation ("FDIC") in order to operate an agency. *Id.* ¶ 22. This process involved a background check, but State Farm had the option of obtaining a temporary waiver from this practice. According to Gammon's Amended Complaint, State Farm did not seek such a waiver. *Id.* ¶ 24. Gammon himself began the process of seeking a waiver in August 2014. On or about October 9, 2014, State Farm asserted that Gammon was unable to secure approval from the FDIC, and thus refused to perform on its earlier proposal. *Id.* ¶¶ 25-26. Accordingly, Gammon lost employment, and was subsequently unemployed for eleven months. *Id.* ¶ 29.

## II. STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. DISUSSION

A. Breach of Contract

Gammon claims that State Farm committed breach of contract when it declined to provide an independent agency for him to operate. He asserts that State Farm "refus[ed] to perform on the parties' agreement, purportedly terminating Plaintiff's employment." Am. Compl. ¶ 26.

Under Virginia law, a breach of contract claim requires a showing of "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 271 Va. 72, 79 (2006) (quoting *Filak v. George*, 267 Va. 612 (2004)).

1. Gammon has not shown any contractual obligation on State Farm's part

Gammon has not pled sufficient facts to support a finding that State Farm was contractually obligated to provide him an independent agency. Instead, his claim that State Farm agreed to extend a contract offer in the event that Gammon satisfied all licensing and approval

requirements only evinces an agreement to agree at some future time. Under Virginia law, "agreements to negotiate at some point in the future are unenforceable." *Navar, Inc. v. Federal Business Council*, 291 Va. 338, 346 (2016) (quoting *Beazer Homes Corp. v. VMIF/Anden Southbridge Venture*, 235 F. Supp. 2d 485, 490 (E.D. Va. 2002). Gammon refers to the future agreement as a "standard agency contract," and does not outline any of its specific terms. Am. Compl. ¶ 14. Accordingly, the agreement as plead is "simply an agreement to negotiate in good faith to [r]each a mutually acceptable [c]ontract based on the terms and conditions outlined herein," making it an "unenforceable agreement to agree."[1] *Beazer*, 235 F. Supp. 2d at 491.

2. Gammon has failed to show breach

Furthermore, Gammon has not pled sufficient facts to show that the purported contract between the parties was breached. Gammon merely asserts that State Farm agreed to sign an agency contract with him on the condition that he obtain all required licenses and approvals. There is nothing in Gammon's Amended Complaint to show that he actually met this condition.[2] Therefore, Gammon has failed to show that any purported agreement between the parties was in fact breached.

Because Gammon has failed to plead facts sufficient to show the existence of a contract or its breach, his breach of contract claim will be dismissed.

B. Intentional Infliction of Emotional Distress

Gammon claims that State Farm is liable for intentional infliction of emotional distress ("IIED") for "offer[ing Gammon] a path to becoming a contract State Farm agent" despite

---

[1] Although Gammon does not make an argument to this effect, any breach of contract claim arising out of the termination of Gammon's interim employment with State Farm would likewise be unsuccessful, as Gammon himself admits that this employment relationship was temporary.

[2] In fact, Gammon suggests that he was unable to do so by referring to the FDIC waiver only as "temporary." Am. Compl. ¶ 24.

knowing that Gammon's felony marijuana conviction "would violate State Farm's policy." Alternatively, Gammon claims that State Farm faces liability for terminating the purported agreement that the parties had entered with full knowledge of Gammon's criminal history. Am. Compl. ¶¶ 34, 37.

"[E]motional distress resulting from a non-tactile tort may be compensated if the plaintiff alleges . . . that: [1] the wrongdoer's conduct is intentional or reckless; [2] the conduct is outrageous and intolerable; [3] the alleged wrongful conduct and emotional distress are causally connected; and. [4] the distress is severe." *Russo v. White*, 241 Va. 23, 26 (1991) (citing *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974); *see also Marcantonio v. Dudzinski*, __ F. Supp. 3d __, 3:15-cv-00029, 2015 WL 9239009, at *10 (W.D. Va. Dec. 17, 2015). IIED claims are not favored under Virginia law "because there are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Supervalu, Inc. v. Johnson*, 276 Va. 356, 369 (2008).

Gammon has not satisfactorily pled enough facts to support a finding that the first, second, and fourth elements of an IIED claim have been satisfied.

1. <u>Gammon has failed to show that State Farm acted intentionally or recklessly</u>

The conduct Gammon alleges does not rise to the level of intentionality or recklessness required to state an IIED claim. In order to satisfy this element, a plaintiff must show sufficient facts to support a finding that a defendant acted intentionally to cause plaintiff emotional distress. *See Ruth v. Fletcher*, 237 Va. 366, 373 (1989). Alternatively, a plaintiff must show that the defendant knew or should have known that emotional distress was likely to follow from defendant's conduct. *See Almy v. Grisham*, 273 Va. 68, 77-78 (2007). There is nothing in Gammon's Amended Complaint that suggests State Farm acted to intentionally cause Gammon

emotional distress. Additionally, Gammon has failed to allege facts showing that State Farm knew or should have known that its conduct would cause any emotional distress on Gammon's part.

2. State Farm's alleged actions are not sufficiently outrageous and intolerable

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo*, 241 Va. at 27 (quotation marks omitted). The conduct Gammon alleges in his Amended Complaint does not reach the level of severity found to satisfy this standard. *See, e.g. Williams v. Agency, Inc.*, 997 F. Supp. 2d 409, 414 (E.D. Va. 2014) (defendant's videotaping of wife and a third-person engaging in intimate conduct and subsequent distribution of the video and a field report describing the video to wife's husband was outrageous); *Fuller v. Aliff*, 990 F. Supp. 2d 576, 580–81 (E.D. Va. 2013) (plaintiff sufficiently pled outrageous conduct where he claimed defendants punched him, kicked him, pinned him to the ground, struck him with a stone, held his head under water, choked him, and insulted him after they learned he was gay).

3. Gammon's alleged emotional distress is not adequately severe

Emotional distress is sufficiently severe only when "no reasonable person could be expected to endure it." *Russo*, 241 Va. at 27. "Courts have found emotional distress insufficiently severe when plaintiffs do not allege they lost income or sought medical or therapeutic attention, and when distress results from conduct more akin to bad manners than an outrageous offense." *Nelson v. Green*, No. 3:06–cv–00070, 2014 WL 131055, at *16 (W.D. Va. Jan. 14, 2014). As pled, Gammon's claim does not rise to the standard of severity required. Gammon merely avers to have "suffered severe emotional distress, including depression, and mental anguish over the

way he was treated, and serious anguish and anxiety over his financial situation caused by State Farm's outrageous conduct." Am. Compl. ¶ 40. Gammon's conclusory remarks concerning the severity of his emotional distress are insufficient. *Dudzinski*, 2015 WL 9239009, at *10.

Accordingly, because Gammon has not shown that State Farm acted intentionally or recklessly to cause him emotional distress, has not demonstrated sufficiently outrageous conduct on State Farm's part, and fails to plausibly show that any emotional distress suffered was adequately severe, he has failed to state an IIED claim.

C. Constructive Fraud

Gammon also claims that State Farm is liable for constructive fraud. During his application process, Gammon claims to have made several statements to State Farm employees Melissa Dunn, Carey Raines, Nicole Leichtentritt, and James Tribbe—all of whom were "[a]t all relevant times . . . acting in the scope of his/her employment"—concerning Gammon's felony marijuana conviction. Gammon alleges that several of these State Farm employees at different times represented to Gammon that his felony marijuana conviction would not bar his ability to secure an independent agency. Am. Compl. ¶¶ 44–46.

Gammon has failed to meet the requirements of pleading a constructive fraud claim. The Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted). Gammon does not specify the particular time or place in which the State Farm employees alleged

false statements were made, nor does he show what these employees were to gain from these making these statements.

Because Gammon has failed to meet the pleading requirements under Rule 9(b), his constructive fraud claim will be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, Defendant State Farm's motion to dismiss will be granted. However, I will grant Gammon leave to amend his constructive fraud claim in order to fix the deficiencies in his pleading. Even though I grant Gammon leave to amend the pleading of his constructive fraud claim, I will not do the same for the breach of contract and IIED claims present in his Amended Complaint because such opportunity would be futile. For example, Gammon has failed to show the existence of any contractual obligation on State Farm's part, but instead only an agreement to agree in the future—a failure that cannot be remedied. Similarly, Gammon failed to show that State Farm acted intentionally or recklessly to cause him emotional distress, that their actions were sufficiently outrageous, or that Gammon's resulting emotional distress was sufficiently severe—each an additional irreparable failure.

An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 22nd day of July, 2016.

Norman K Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE