# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT GAMMON, *Plaintiff,* | CASE NO. 6:16–cv–00012 |
| v. | MEMORANDUM OPINION |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon submission of Plaintiff's Second Amended Complaint. Dkt. 28. On July 22, 2016, I entered an order granting Defendant State Farm's motion to dismiss on the breach of contract and intentional infliction of emotional distress claims; however, I granted Gammon fourteen days to amend his constructive fraud claim. On August 4, 2016, Gammon submitted his Second Amended Complaint amending this claim. Because Gammon has failed state a plausible claim for constructive fraud, I will dismiss his Second Amended Complaint.

## I. FACTS AS ALLEGED AND STANDARD OF REVIEW

The Court's July 22, 2016 opinion provided background of this case and the standard of review that must be applied at the motion to dismiss stage. The Court expressly adopts and incorporates by reference those sections.

## II. DISCUSSION

### A. Constructive Fraud

Gammon's amended complaint alleges constructive fraud through four separate "false representations." 2d. Am. Compl. ¶¶9–19. In each of these representations, Gammon alleges that

the same representation was made—his marijuana felony conviction would not cause a problem in his ability to be licensed. *Id.*

"[T]he elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148 (Va. 1994); *accord Nationwide Mut. Ins. Co. v. Hargraves,* 242 Va. 88, 92 (Va. 1991). Additionally, "[a] finding of. . . constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Alequin,* 247 Va. at 148. Virginia law also requires that the fraud relate to a present or a preexisting fact and not an unfulfilled promise or statements concerning future events. *See e.g., Lloyd v. Smith,* 150 Va. 132, 145 (Va. 1928) ("[A]n action based upon fraud must aver the misrepresentation of present pre-existing facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud.").

In this case, Gammon fails to properly allege fraud for three reasons. First, his alleged misrepresentations concern future events. At the time each individual associated with State Farm told him that his felony conviction would not disrupt his licensing process, they were not making the final decision on his license. The final decision would come in the future. Gammon, himself, even admits to this fact when he states that State Farm gave him "temporary employment" until he was licensed and each representation occurred prior to this temporary

- 2 -

employment.  Am. Compl. ¶¶ 14–21; 2d. Am. Compl. ¶9–19.  Therefore, the alleged misrepresentations concerned only future events.  *Lloyd*, 150 Va. at 145.

Second, Gammon cannot properly allege that any of the State Farm employees represented as true what was really false.  *Alequin,* 247 Va. at 148.  As Gammon's complaint states, Mr. Tribble, a State Farm employee and one of the individual's who spoke with Gammon, had been licensed even though he had a past history.  2d. Am. Compl. ¶ 11.  Therefore, the representing that a felony will not prevent licensing is not a false statement, even through Gammon's complaint.  *Id.*

Lastly, Gammon's constructive fraud claim violates the economic loss rule.  Virginia law states that "[t]he primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations."  *Filak, et al. v. George,* 267 Va. 612, 618 (Va. 2004).  Thus, "[w]hen a plaintiff alleges nothing more than disappointed economic expectations in a claim for constructive fraud, the law of contracts, not the law of torts, provides the remedy for such economic losses."  *Branin v. TMC Enterprises, LLC,* 832 F. Supp. 2d. 646, 655 (W.D. Va. 2011).  Here, Gammon's constructive fraud claim is squarely based around "disappointed economic expectations."  *Id.*

To the extent that Gammon's complaint tries to perpetrate an argument that the economic loss rule does not bar his claim due a pre-contractual misrepresentation as explained in *Abi-Najm v. Concord Condominiums, LLC,* 280 Va. 350, 360 (Va. 2010), he also fails.  In *Abi-Najm*, the Supreme Court of Virginia noted the requirements for fraudulent inducement.  *Id.* at 360.  Here, Gammon has failed, as mentioned above, to allege that the Defendant "had knowledge that its representations. . . were untrue."  *Id.*  Instead, Gammon alleges that its representations were true

as it concerned Mr. Tribble.  In addition, Gammon has not alleged that State Farm's employees "made [the] misrepresentations. . . with the present intention not to perform."[1]  *Id.*

Because Gammon has failed to meet the pleading requirements, his constructive fraud claim will be dismissed.

## III. CONCLUSION

For the aforementioned reasons, I will dismiss Plaintiff's Second Amended Complaint.

An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __5th__ day of August, 2016.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] It must be noted that State Farm did not decided whether Gammon would become licensed.

- 4 -